IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| IN THE MATTER OF: | ) |
| AMERICAN TUGS, INC., | ) |
| for exoneration from or limitation of | ) No. 10–cv–1020–MJR–SCW |
| liability as owner of the tug *Alejandro*, | ) |

## ORDER

REAGAN, Chief Judge:

The Complaint in this stayed admiralty action is based on the presence of the tug *Alejandro* in this Judicial District. Edward Perez-Mossety, the claimant here, sued American Tugs (the *Alejandro*'s owner) in state court for damages stemming from an explosion on the *Alejandro*. (*Eduard Perez-Mossety, et al. v. Am. Tugs, Inc., et al.*, Madison Cnty., Case No. 10 L001204). American Tugs filed the instant case pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, which limits a shipowner's liability (when a loss incurred without the owner's privity or knowledge) to the ship's value. 46 U.S.C. § 30505(a)–(b); *Deering v. Nat'l Maint. & Repair, Inc.*, 627 F.3d 1039, 1041–42 (7th Cir. 2010).

Several claimants (including Perez-Mossety and his partner Vanessa Miranda-Cotto) filed claims in this Court challenging the value placed on the *Alejandro*. Then this action was stayed. The undersigned dissolved an injunction against the prosecution of other claims (such injunctions often enter upon the filing of a limitation action, *see* Fed. R. Civ. P. Supp. R. F(3)), and the action against American Tugs went forward in state court according to the abstention doctrine laid

down in *Langnes v. Green*, 282 U.S. 531 (1931). *See In re McCarthy Bros. Co.*, 83 F.3d 821, 826–28 (7th Cir. 1996). The last status report on the matter indicated the state court case was set for trial in early 2014.

Rather than file the next scheduled status report, American Tugs filed a contested motion to dismiss the case voluntarily. It has now moved to withdraw that motion to dismiss. Petitioner's motion to withdraw (Doc. 99) is **GRANTED**, and its motion to dismiss (Doc. 81) **MOOT**.

Still pending is Perez-Mossety's motion for "review," in which it asks the Court to examine the relationship (including attorneys' fees charged) among American Tugs' counsel, American Tugs itself, and American Tugs' insurer. The motion is predicated on the notion that Tugs' insurance policy (which erodes when Tugs spends money defending its legal positions, thus lessening the total amount available to satisfy any potential judgment) somehow creates a conflict of interest for Tugs' counsel. The undersigned declines to become involved in what were essentially settlement negotiations regarding the state claim, or to break the seal on what it sees (given concerns, among others, of comity and judicial restraint) as very bad precedent: interfering in the relationships among parties, attorneys, and insurance companies in a case that is largely being litigated in state court. The motion "for review" (Doc. 88) is **DENIED**.

This Court still retains jurisdiction over any question that might arise as to American Tugs' right to limit its liability. *See In re McCarthy Bros.*, 83 F.3d at 828. To that end, the Court **DIRECTS** the parties to file a joint status report (on or

before October 31, 2014) indicating (1) the current status of the state court case and (2) the need for the stay in this case to be lifted so the limitation of liability issue can be litigated.  Any disagreement as to the latter issue should be noted succinctly.

IT IS SO ORDERED.
DATE: <u>October 10, 2014</u>          s/ *Michael J. Reagan*
                                     MICHAEL J. REAGAN
                                     United States District Judge